This is an original action in mandamus and
 
 procedendo
 
 filed in this, court on February 24, 1934. The action was brought against the three then living members of the Court of Appeals of the Seventh Judicial District, wherein the relator sought a writ of mandamus compelling the individual members of that court “to specify the error or errors found upon which said judgment of reversal is based
 
 * * *
 
 and to specify in writing- the grounds of such reversal and make the same a part of the record in the ease as provided by law.”
 

 It appears that one E. D. Shively had been convicted in a criminal prosecution and- that the Court of Appeals, on review, had reversed the judgment of conviction. After the announcement of the judgment on November 17, 1933, counsel for the state and for the defendant disagreed as to the form of journal entry. This disagreement continued until January 10, 1934, when a journal entry, approved by one of the judges since deceased, was filed and spread upon the journals of the Court of Appeals, reciting that, “The Court find that there is error apparent upon the facs
 
 *552
 
 of the record in the admission of incompetent testimony to the prejudice of the plaintiff in error, E. D. Shively.” Thereupon the court reversed the judgnlent for said assigned reason, ordered that a new trial be granted and that the cause be remanded to the Court of Common Pleas for further proceedings according to law. In the petition for a writ of manda•mus, the relator asks that the judges of that court be compelled, as heretofore stated, to specify the errors found and to state more specifically the grounds of reversal.
 

 Since this action was instituted in this court two of the respondent judges of the Court of Appeals, concurring in the reversal, have died, and no substitution of parties has been made. However, were substitution to be made, it is apparent that the' two new judges would be unable to determine the mental processes or the exact reasons that caused the two deceased judges to concur in the judgment of reversal; therefore a writ of mandamus .compelling new judges to ascertain such reasons would be wholly unavailing in the existing situation.
 

 The relator has not established a clear, present right to the remedy he now seeks and the prayer for a writ of mandamus will be denied.
 

 Since it appears that the state has filed its motion to certify the record and for leave to file a petition in error from the judgment of the Court of Appeals, we do not pass upon the merits or upon the legal sufficiency of the journal entry or whether it is an insufficient compliance with Sections 12248 and 12273, General Code. Those questions will be considered upon the hearing of the motion for certification and for leave to file.
 

 Writs denied.
 

 Weygandt, C. J., ¡Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.